CHANDLER, Justice,
Dissenting:
¶ 48. I respectfully dissent, and I concur in part with the dissent of Justice Kitchens. While I am unwilling to go as far as Justice Kitchens, who would hold that every extraneous influence in the jury room, no matter how insignificant, requires a new trial, I would find that the extraneous information in this case prejudiced Rutland. The parties and the trial court were forbidden by Mississippi Rule of Evidence 606(b) from delving into the effect that the extraneous information had upon the jury’s verdict. But notwithstanding the lack of subjective evidence of prejudice, I believe a reasonable person would find it prejudicial for a juror to bring dictionary definitions of abuse and neglect into the jury room in a child-abuse case. Therefore, I would reverse and remand for a new trial.
DICKINSON, P.J., AND KITCHENS, J., JOIN THIS OPINION IN PART.